O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEISHA I. WACAN,         ) | Case No. EDCV 06-00266 AN |
| Plaintiff,         ) | |
|           ) | MEMORANDUM AND ORDER |
| v.         ) | |
| JO ANNE B. BARNHART,         ) | |
| COMMISSIONER OF THE SOCIAL         ) | |
| SECURITY ADMINISTRATION,         ) | |
| Defendant.         ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, this case is remanded for further proceedings pursuant to Sentence Four, and the Commissioner's request for an order affirming her final decision is denied.

In the JS, Plaintiff contends that the Administrative Law Judge ("ALJ") erred by: (1) failing to properly evaluate the opinions of Plaintiff's treating physicians; (2) failing

Page 1

to properly consider lay witness testimony; (3) failing to properly consider the impact of Plaintiff's medications and their side effects on her ability to maintain employment; and (4) failing to pose a complete hypothetical question to the vocational expert. The Commissioner disagrees.

<u>Plaintiff's Treating Physician</u>

In October 2000, Plaintiff began receiving mental health treatment at the San Bernardino County Department of Behavioral Health ("Behavioral Health"). [Administrative Record ("AR") at 199-278.] According to a clinical assessment from October 31, 2000, Plaintiff was in good health despite a suicide attempt in 1999. [AR at 273-74.] Her speech was clear and organized, she was oriented to time, place, and purpose, she denied auditory and visual hallucinations, and her thought processes were tight and rational. [AR at 275.] She was diagnosed as suffering from major depression, recurrent, moderate. [AR at 277.] She began receiving monthly treatment through May 2001. [AR at 263-72.]

In July 2002, Plaintiff returned to Behavioral Health. [AR at 255-60.] In August 2002, C. Krishna-Murthy, M.D., conducted an initial psychiatric evaluation of Plaintiff. [AR at 251-54.] Dr. Krishna-Murthy noted Plaintiff's anxious affect and long history of depression and diagnosed Plaintiff as suffering from a mood disorder NOS and major depression, recurrent, moderate. [AR at 251, 253-54.] Dr. Krishna-Murthy also scored Plaintiff's Global Assessment of Functioning ("GAF") at 45.[1] [AR at 254.] Following the initial evaluation, Dr. Krishna-Murthy continued to treat Plaintiff on a monthly basis. [AR at 199-204, 207, 210, 212-14, 217, 221-22, 224-31, 235-36, 241-47, 249-50.] Over time, Plaintiff's symptoms appeared to become more severe. In February 2004, Dr. Krishna-Murthy reported that Plaintiff was hearing voices and experiencing paranoia. [AR at 203, 212-13, 222, 225.] In March 2004, Dr. Krishna-Murthy diagnosed Plaintiff

---

[1] A GAF score of 41-50 indicates "[s]erious symptoms ... or any serious impairment in social, occupational, or school functioning." American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., text rev. 2000) ("DSM-IV-TR").

with schizoaffective psychosis, major depression recurrent with psychotic features. [AR at 240.] Plaintiff was assessed with a GAF score of 50. [AR at 240.] Plaintiff continued to receive treatments from Dr. Krishna-Murthy through at least July 2004, and was prescribed Risperdal (antipsychotic drug used to treat schizophrenia) and Lexapro (used for the treatment of major depressive disorder). [AR at 199-200.]

In the Decision, the ALJ determined that Plaintiff suffers from depression and bipolar disorder. [AR at 13.] The ALJ concluded that these impairments left Plaintiff with the residual functional capacity ("RFC") to perform routine and repetitive, minimally stressful, entry level work, involving no frequent contact with the general public, and only superficial interpersonal contact. [AR at 13.] In assessing Plaintiff's RFC, the ALJ summarized a portion of Plaintiff's Behavioral Health records, but failed to adequately address Dr. Krishna-Murthy's opinion. [AR at 13-14.] Instead, the ALJ focused primarily on Plaintiff's mental status examination from October 2000, characterizing it as essentially "unremarkable." [AR at 13.] The ALJ also noted that, in the Fall of 2000, Plaintiff stopped taking medication due to a pregnancy but resumed taking medications, and continued receiving monthly treatments, after her baby was born. [AR at 13-14.] The ALJ did not mention or discuss Dr. Krishna-Murthy's findings that Plaintiff had begun to suffer from hallucinations and paranoia, or that Plaintiff's condition had possibly deteriorated since October 2000. Clearly, the ALJ's discussion of the Behavioral Health records does not properly address Dr. Krishna-Murthy's findings. Because there is no indication in the record that the ALJ relied on the opinion of another treating or examining physician in evaluating Plaintiff's mental condition, the ALJ erred by failing to state an adequate basis for rejecting Dr. Krishna-Murthy's opinion. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(an ALJ must explain why significant, probative evidence was rejected); *see also* Social Security Ruling ("SSR") 96-8p ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Consequently, the ALJ's

consideration of Dr. Krishna-Murthy's opinion is not supported by substantial evidence.[2]

## II.  CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:     December 15, 2006      <u>        ARTHUR NAKAZATO         </u>
                                             ARTHUR NAKAZATO
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Because the ALJ improperly evaluated Dr. Krishna-Murthy's opinion, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). However, the Court recommends that the Commissioner consider all of Plaintiff's arguments when determining the merits of her case on remand.